UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH H.,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. **3:24-cv-05210-BAT**

**ORDER AFFIRMING AND DISMISSING CASE**

Plaintiff appeals the ALJ's 2023 decision finding her not disabled. The ALJ found cubital and carpal tunnel syndrome, and lumbar degenerative disc disease are severe impairments; Plaintiff retains the residual functional capacity (RFC) to perform light work subject to several environmental and physical limitations; and Plaintiff can perform past relevant work and is therefore not disable. Tr. 17-29.

Plaintiff contends because the ALJ misevaluated "the opinion evidence," her testimony and RFC, the Court should reverse and award her benefits, or alternatively remand her case for further administrative proceedings. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## DISCUSSION

**A.     Opinion Evidence**

The ALJ considered the medical opinions rendered on initial determination and at reconsideration and found the reconsideration opinions persuasive and the initial opinions less persuasive. Tr. 26. The ALJ noted "both consultants" discussed relevant medical evidence and both pointed out inconsistencies between that evidence and Plaintiff's testimony about her functioning. *Id.* The ALJ discounted the initial determination that Plaintiff is limited to occasionally and frequently lifting 10 pounds, standing/walking for no more than 4 hours, sit for 6 hours, and occasionally climbing ropes, ladders and scaffolds,[1] on the grounds these limitations are inconsistent with the record which showed Plaintiff cared for her young grandchildren full time and exhibited normal strength and gait. *Id.*

Plaintiff does not contend the ALJ erred in adopting Dr. Leslie Pickett's opinion that Plaintiff has no mental health impairments but argues the ALJ erroneously relied upon Plaintiff's activities and "normal gait "in finding the reconsideration opinions that she can occasionally lift 25 pounds, can walk/stand/sit for 6 hours, and can frequently climb ladders, ropes and scaffolds,[2] are persuasive. *See* Opening Brief, Dkt. 12 at 5. Plaintiff argues the ALJ erred by failing to explain how caring for grandchildren at home "translates to that person being able to complete a normal workday free from interruption due to physical limitations, and that while Plaintiff cares for her grandchildren, she can rest, lie down and take breaks as needed in contrast to the workplace which would not provide her with these accommodations.

---

[1] *See* Tr. 116. (initial opinion).
[2] *See* Tr. 125 (reconsideration opinion).

However, even assuming the ALJ erroneously discounted the initial determination, Plaintiff has not shown the ALJ harmfully erred. In requesting remand for benefits, Plaintiff's argument assumes the limitations set forth in the assessment in the initial determination supports a finding she is disabled. The initial determination did not find Plaintiff disabled. Instead it indicated Plaintiff retains a "reduced light RFC," limited to lifting no more than 10 pounds and walking/standing for 4 hrs. and sitting for 6 hours and occasional climbing. Tr. 116-117. This RFC is consistent with the ALJ's step-five finding that Plaintiff can perform past work as a front desk clerk and patient services representative which the vocational expert stated are sedentary jobs. *See* Tr. 64-65.

Under the Dictionary of Occupational Titles[3] ("DOT"), "sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met." *Id*. Under 20 C.F.R. § 404.1567(a), "sedentary work involves lifting no more than 10 pounds at a time." Plaintiff testified her past work as a patient services representative involved "call center" work which was performed while she sat in a cubicle with a headset. She also acknowledged she performed this work "from home for a little bit during COVID." Tr. 39. Hence, even if the ALJ had adopted the assessment in the initial determination, that assessment supports the finding Plaintiff can perform her past sedentary work as a patient service representative. As any error in failing to adopt the initial determination is harmless, the Court declines to reverse the ALJ' decision on the grounds argued by Plaintiff. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (The Court may not reverse the ALJ's decision if an error is harmless).

---

[3] U.S. Dep't Labor, Dictionary of Occupational Titles at App. C (4th ed. Rev. 1991).

ORDER AFFIRMING AND DISMISSING CASE - 3

B.     **Plaintiff's Testimony**

Plaintiff contends the ALJ erroneously discounted her testimony as inconsistent with the childcare she provides her two grandchildren. Plaintiff has not shown the ALJ harmfully erred because the ALJ also discounted Plaintiff's testimony as inconsistent with the medical record which the ALJ found consistently showed she has normal gait, and normal or near normal extremity strength. The ALJ may properly discount Plaintiff's testimony where it is inconsistent with her medical records. *See Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). Plaintiff does not challenge this determination and thus even assuming the ALJ erred in relying upon daily activities, that error is harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

C.     **RFC and Substantial Evidence**

Plaintiff's RFC and substantial evidence arguments are precluded because they rely upon the two errors above which the Court has rejected.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 30th day of September, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge